IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY DEAN BUCKNER,

    Petitioner,          No. CIV S-08-2279 DAD P

    vs.

T. FELKER, Warden,

    Respondent.         ORDER

_____/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 judgment of conviction entered in the Sacramento County Superior Court. Petitioner has paid the filing fee. Pending before the court is petitioner's motion for a stay and abeyance.

**PETITIONER'S MOTION FOR A STAY AND ABEYANCE**

    In his motion, petitioner explains that the conviction which he is seeking to challenge became final in February of 2008, and that he filed his first state habeas petition in the Sacramento County Superior Court in August 2008. Petitioner alleges that on direct appeal in the state courts he exhausted all of the claims set forth in his federal petition, except claims three and four. Petitioner has also expressed his concern that the one-year federal statute of

/////

1

limitations may expire if the court does not stay this action because state courts need several months to review state habeas petitions. (Mot. for Stay & Abey. at 1-2.)

**THE AEDPA STATUTE OF LIMITATIONS**

I. The AEDPA

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition in this case. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A) & (d)(2)

Although petitioner claims that his judgment of conviction became final in February 2008, it appears that he is mistaken. According to his petition, the California Supreme

Court denied petitioner's petition for review on February 13, 2008. If this date is accurate, for purposes of federal habeas review, petitioner's conviction became final ninety days later on May 13, 2008. Brambles v. Duncan, 412 F.3d 1066, 1069 (9th Cir. 2005); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("hold[ing] that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"). The AEDPA one-year statute of limitation period began to run the following day, on May 14, 2008, and it will not expire until May 13, 2009.

Although petitioner is concerned about the amount of time state courts will need to review his state habeas petitions, petitioner is advised that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

III. Petitioner's Motion for a Stay and Abeyance

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. See Rhines v. Weber, 544 U.S. 269 (2005). See also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist.

Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). This discretion to issue a stay extends to mixed petitions. Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

Petitioner's concern regarding the federal statute of limitations is well taken. However, based on the information he has provided to the court in his petition and motion for a stay and abeyance, it is not clear that a stay and abeyance is appropriate or necessary in this case. In this regard, petitioner's motion for a stay and abeyance does not provide sufficient facts and information to satisfy the requirements of Rhines. The court is unable to determine whether petitioner has good cause for not exhausting all of his claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, or whether petitioner has been diligent in pursuing his unexhausted claims. See Taylor, 134 F.3d at 987 nn.8 & 11 (failure to show diligence in pursuing claims may foreclose a stay). Accordingly, the court will deny petitioner's motion without prejudice to the filing of a renewed motion for a stay and abeyance.

The court will grant petitioner thirty days to file a renewed motion for a stay and abeyance. The motion must (1) show good cause for petitioner's failure to exhaust all claims before filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted diligently in pursuing his unexhausted claims.

Also pending before the court is petitioner's request for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's September 29, 2008 motion for a stay and abeyance (Doc. No. 3) is denied without prejudice;

2. Petitioner is granted thirty days from the date of this order in which to file and serve a renewed motion for a stay and abeyance addressing the issues set forth above; and

3. Petitioner's September 29, 2008 request for appointment of counsel is denied.

DATED: March 6, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
buck2279.msty